**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ALASKA**

In re:

SAMAYA K. MCRAINE,

        Debtor.

Case No. A07-00434-DMD
Chapter 13

**Filed On 9/18/07**

## MEMORANDUM REGARDING DEBTOR'S MOTIONS TO SHORTEN TIME, TO SELL FREE AND CLEAR, AND TO SELL BY AUCTION

Debtor Samaya Mcraine filed her chapter 13 petition on August 29, 2007, in order to stop a foreclosure of her home. She obtained an extension of time to file her bankruptcy schedules, statements and chapter 13 plan until September 20, 2007. She has now filed a motion to allow the sale of her home, free and clear, as well as a motion to sell her home by auction. She has also filed a motion to shorten time on her motions to sell or auction her home, asking that the time for notice be shortened to five days.

The debtor's motion to shorten time will be denied. First, her motions to sell and to auction her home don't provide the information required by AK. LBR 6004-1. Additionally, a motion to sell property free and clear of liens requires a hearing in accordance with Fed. R. Bankr. P. 6004(c). Finally, the debtor hasn't given any reason for needing a shortened notice period of five days. A motion to sell typically requires a 20 day notice period, and the court rarely shortens time to less than 10 days notice. The debtor's desire to bring a swift resolution to her bankruptcy case is not, by itself, a sufficient reason to shorten time for the sale, particularly not to just 5 days for notice. If there is some other basis for needing shortened time, the debtor may again request shortened time after she has filed a supplement to her motions to sell and auction.

The debtor's motions to sell free and clear and to auction are inadequate and must be supplemented before notice of the motions is served on the matrix. Neither motion clearly explains what the debtor is trying to do. The debtor must provide additional

information about her plans to sell or auction the property, and then properly notice her motion as required under AK LBR 6004-1. If she intends to sell property free and clear of liens, a hearing on the motion is required. Copies of Rule 6004-1 and AK LBF 7, "Bankruptcy Court Calendar Request," are attached to this memorandum for the debtor's information. The court also recommends that the debtor consult with an experienced bankruptcy attorney about her chapter 13 case, so that she can receive some guidance on her rights and remedies in bankruptcy.

DATED: September 18, 2007

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  S. Mcraine, Pro Se Debtor
P. Hallgrimson, Esq.
L. Compton, Trustee
U. S. Trustee
Case Manager

09/18/07

2

**AK LBR 6004-1 Sale of Estate Property**
(a) **Notice of Sale**.
    (1) Other than a sale free and clear of interests, a sale under § 363(b) of the Code is initiated by notice under Rules 2002(a)(2) and 6004, Federal Rules of Bankruptcy Procedure.
    (2) The notice must include:
        [A] the terms of the sale;
        [B] name of the purchaser;
        [C] relationship, if any, of the purchaser to the debtor;
        [D] the fair market value of the property;
        [E] the anticipated professional fees and expenses related to the sale;
        [F] indicate whether the sale includes personally identifying data; and
        [F] in a chapter 11 case, whether or not the assets proposed to be sold comprise a major part of debtor's estate or if their sale will affect debtor's ability to continue operating as a going concern.
(b) **Sale Free and Clear of Interests** .
    (1) A motion for authority to sell property free and clear of liens or other interests is governed by Rule 9014, Federal Rules of Bankruptcy Procedure and must be served on the parties who have liens or other interests in the property to be sold.
    (2) A hearing must be held before a sale free and clear of liens or encumbrances may be held, even if no objections are filed in response to the notice.
    (3) In addition to the information required under subdivision (a), the notice must include:
        [A] the date of the hearing on the motion;
        [B] the time within which objections may be filed;
        [C] notice that the property is to be sold free and clear of liens or encumbrances;
        [D] the amount of each lien or encumbrance claimed against the property;
        [E] the sub-paragraph of § 363(f) of the Code under which the sale is authorized; and
        [F] if the proceeds of the sale appear to be insufficient to pay all the liens and encumbrances claimed against the property, then the notice must further state—
            (i) the liens and encumbrances that may not be paid from the sale proceeds, and
            (ii) the necessity for the sale.
    (4) Unless otherwise provided in the notice, all interests in property sold free and clear of liens and encumbrances attach to the proceeds of sale.
(c) **Mandatory Discovery Exchange**.  Not later than ten (10) days after service of any objection to the sale of property, the parties must comply with the requirements of Rule 26(a), Federal Rules of Civil Procedure.
(d) **Handling Proceeds**.
    (1) Unless the liquidation proceeds are remitted to the case trustee, if one is appointed, at the time of the sale, the auctioneer must deposit all liquidation proceeds in a trust account at a depository approved by the United States trustee.
    (2) All liquidation proceeds must be remitted to the case trustee within fifteen (15) days after the sale.
(e) **Report of Sale**. Within thirty (30) days after a sale, auctioneers must submit a report of sale required by Rule 6004, Federal Rules of Bankruptcy Procedure to the trustee. The report of sale must include:
    (1) the date of the sale;
    (2) the price obtained for each item sold together with:
        [A] the name and address of each purchaser in the case of an auction; or
        [B] cash register tapes or appropriate documentation in the case of other types of sales;

  (3) the total amount of funds received and the amount transferred to the trustee;

  (4) the compensation and expenses sought by the auctioneer [expense requests must be documented by appropriate receipts or explanation];

  (5) a statement that the auctioneer or insider did not directly or indirectly acquire an interest in any of the estate property sold; and

  (6) an explanation and sample of advertising efforts.

(f) **Bond**. An auctioneer must file a bond with the United States trustee that meets the requirements of the United States trustee.

**(g) Section 506(b) Claims.**

  (1) Unless the claim was previously noticed to the parties in interest in connection with the notice of the proposed sale of the property, a creditor having or claiming to have an interest in the property to be sold who claims post-petition fees, costs or charges under §506(b) of the Code, must, not later than thirty (30) days after the order approving the sale is entered:

   [A] file with the court an application for allowance of the claim, setting forth the amount of post-petition fees, costs, and charges claimed to be due;

   [B] transmit the application to the United States trustee, and

   [C] serve it on—

    (i) the debtor or trustee, if one has been appointed,

    (ii) any committee appointed in the case or, if no committee has been appointed, the five (5) largest unsecured creditors, and

    (iii) any party having or claiming to have an interest in the property being sold.

  (2) A party objecting to the application for allowance of post-petition fees, costs and charges may serve and file an objection, in writing, not later than fifteen (15) days after service of the application.

  (3) If no objection is filed as specified in paragraph (g) (2), the application for allowance will be deemed allowed or approved without further order of the court.

**Related Provisions**:

| | |
|---|---|
| 11 U.S.C. § 332 | Consumer privacy ombudsman |
| 11 U.S.C. § 345 | Money of estates |
| 11 U.S.C. § 363 | Use, sale or lease of property |
| FRCP 26 | General Provisions Governing Discovery; Duty of Disclosure |
| FRBP 2002(a) | Twenty-Day Notices to Parties in Interest |
| FRBP 2014 | Employment of Professional Persons |
| FRBP 2016 | Compensation for Services Rendered and Reimbursement of Expenses |
| FRBP 6004 | Use, Sale or Lease of Property |
| FRBP 9014 | Contested Matters |
| AK LBR 2015-1 | Funds of the Estate |
| AK LBR 4002-1 | Property in Need of Attention or Protection |
| AK LBR 7026-1 | Discovery and Depositions |
| AK LBR 9013-1 | Briefs; Memoranda |
| AK LBR 9014-1 | Contested Matters |
| AK LBR 9075-1 | Hearings; Trials |
| AK LBF 22 | Notice of Proposed Sale of Property |
| AK LBF 23 | Notice of Proposed Sale, Use or Lease of Property |

AK LBF 7

**BANKRUPTCY COURT CALENDAR REQUEST**

PLEASE PRINT OR TYPE

FULL NAME OF CASE:                                               DATE: _____

_____

_____

ADVERSARY CASE NO._____ MAIN CASE NO._____

CHAPTER OF MAIN CASE: (CIRCLE ONE)    7    11    13

REQUESTED HEARING IS IN (CHECK ONE OR BOTH AS APPLICABLE):
ADVERSARY CASE_____  MAIN CASE_____

COUNSEL FOR MOVING PARTY OR PLAINTIFF:_____

_____
OF_____Representing:_____
      (Law Firm)                                                   (Client's Name)

COUNSEL FOR OPPOSING PARTY OR DEFENDANT:_____

_____

OF_____Representing:_____
      (Law Firm)                                                   (Client's Name)

CONTINUANCE FROM:_____

TITLE OF PLEADING AND NATURE OF PROCEEDING          DATE TO BE FILED OR DATE FILED

_____   _____

_____   _____

_____   _____

LAST DAY FOR FILING OBJECTIONS (if any, as listed in notice given): _____

ESTIMATED TIME TO HEAR: _____ minutes  _____ hours

WOULD LIKE HEARD WITHIN _____ days  _____ months

NAME, ADDRESS & PHONE NO. OF PERSON MAKING REQUEST:
_____
================================================================================
TO BE COMPLETED BY COURT

DATE SET:

TIME SET:

AMOUNT OF TIME SCHEDULED BY COURT: _____ minutes  _____ hours